UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHYLA LAHR LUNDQUIST, *Individually*, et al., | ) |
| | ) |
| | ) |
|      Plaintiffs, | ) |
| | ) |
|      v. | )   CAUSE NO. 1:21-cv-00419-HAB-SLC |
| | ) |
| Michael Burgoyne, *et al.*, | ) |
| | ) |
|      Defendants. | ) |

## OPINION AND ORDER

Plaintiff Shyla Lahr Lundquist initiated this suit sounding in negligence in Indiana state court on August 18, 2021, on behalf of herself and her minor children, Plaintiffs A.N. and K.N (the "minor Plaintiffs"), after they were injured in a motor vehicle accident.  (ECF 4).  On October 12, 2021, Defendants filed their notice of removal (ECF 1), which included as exhibits copies of the state court complaint (ECF 1-3) and both parties' counsel's state court appearances (ECF 1-5 through ECF 1-7).  Each of these documents (ECF 1, ECF 1-3, ECF 1-5 through ECF 1-7, ECF 4) contain the minor Plaintiffs' full, unredacted names.  On November 17, 2021, Defendants filed a redacted copy of the state court complaint as a supplement to their notice of removal.  (ECF 7).  For the following reasons, the Court will *sua sponte* DIRECT the clerk to maintain the documents containing the minor Plaintiffs' names (ECF 1, ECF 1-3, ECF 1-5 through ECF 1-7, ECF 4) UNDER SEAL.

### A. Legal Standards

In general, litigants in federal court "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).  Thus, when "things are vital to claims made in

litigation they must be revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). This is to "enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). But where material on a docket "would not reveal anything about judicial activity," it does not necessarily need to be made public. *Id.* at 834. Accordingly, Rule 26(c) allows the Court to seal all or part of the record for good cause. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Still more, the Federal Rules of Civil Procedure require certain privacy protections for filings made with the Court. Specifically, Federal Rule 5.2(a) requires that, "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor, . . . a party or nonparty making the filing may include only . . . the minor's initials . . . ." That being said, this redaction requirement does not apply to "the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed . . . ." Fed. R. Civ. P. 5.2(b)(4). Nevertheless, "[t]he [C]ourt may order that a filling be made under seal without redaction." Fed. R. Civ. P. 5.2(d).

### B. Analysis

Because the notice of removal (ECF 1) was first filed in this Court, Rule 5.2(a)'s redaction requirement applies without exception. Further, while Rule 5.2(b)(4)'s exception to the redaction requirement may apply to the state-court filings (ECF 1-3, ECF 1-5 through ECF 1-7, ECF 4), good cause exists to maintain them under seal. The attorneys' appearances in this case (ECF 1-5 through ECF 1-7) provide no information about judicial activity, and the attorneys' names and contact information already appear on the docket. Similarly, as this case

2

stems from a motor vehicle accident, it is hard to see how the minor Plaintiffs' full names are vital to this case.  Finally, if a member of the public wishes to review the information in the complaint, they are free to review the redacted version. (ECF 7); *see generally Skarzynski v. Holder*, No. 2:14-CV-172-RL-PRC, 2014 WL 3734176, at *2 (N.D. Ind. July 29, 2014).

### *C. Conclusion*

In summary, the Court *sua sponte* finds good cause exists to maintain the documents in the record containing the minor Plaintiffs' full, unredacted names under seal.  Accordingly, the Court DIRECTS the Clerk to maintain ECF 1, ECF 1-3, ECF 1-5 through ECF 1-7, and ECF 4 UNDER SEAL.

SO ORDERED.

Entered this 3rd day of December 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge