UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **Shyla Lahr Lundquist,** *individually*, *et al.*, | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) )  Case No. 1:21-cv-00419-SLC |
| **MICHAEL BURGOYNE,** *et al.*, | ) ) ) |
| **Defendants.** | ) ) |

## OPINION AND ORDER

Plaintiff Shyla Lahr Lundquist initiated this action on August 18, 2021, on behalf of herself and her two minor children, A.N. and K.N., alleging that Defendant Michael Burgoyne injured Plaintiffs when he negligently collided with their vehicle.[1] Now before the Court is Lundquist's Petition for Authority to Settle Claims of Minors A.N. and K.N. ("petition"), filed on May 8, 2023. (ECF 21). For the following reasons, the petition will be GRANTED.

*A. Factual and Procedural Background*

As stated above, Plaintiffs filed the complaint in this matter on August 18, 2021. (ECF 4). In their complaint, Plaintiffs allege that Burgoyne was carelessly and negligently operating a semi-tractor and trailer during the course of his employment with Defendant Keypoint Carriers Limited and caused a collision involving Lundquist's vehicle as she was driving on State Road 9 in Huntington County, Indiana, with her minor children as passengers. (*Id.*). Plaintiffs allege they suffered physical injuries as a result of Burgoyne's negligent driving. (*Id.*).

---

[1] Although Lundquist filed the complaint on behalf of herself and her minor children, the Court will refer to "Plaintiffs" as Lundquist's minors are also plaintiffs in this action.

Defendants removed the case to this Court on November 12, 2021, after being served with the complaint on October 28, 2021. (ECF 1). The parties engaged in mediation on April 17, 2023, during which they reached a settlement agreement. (ECF 20). In the instant petition, Lundquist requests that the Court permit her to accept the settlement on behalf of her minor children. (ECF 21). Lundquist states that, as a result of the collision, A.N. suffered abdominal pain and K.N. had a bloody nose and facial bruising. (ECF 21 ¶¶ 6-7). According to her, both children were treated at and released from the hospital. (*Id.*). Lundquist now seeks the Court's approval of a $10,000 payment to A.N. and K.N., each, as a "complete and full settlement of any and all of the minors' claims against [Defendants] . . . ." (*Id.* ¶ 14).

## B.  Legal Standard

"[J]udicial approval of settlements involving minors [is] a matter of substantive law." *Goesel v. Boley Int'l (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) (citation omitted).[2] Under Indiana law, the Probate Code governs settlements of minors' claims. Ind. Code § 29-3-9-7. "Whenever a minor has a disputed claim against another person . . . and a guardian for the minor and the minor's property has not been appointed, the parents of the minor may compromise the claim." Ind. Code § 29-3-9-7(b). However, to be valid, a settlement must "be approved by the court upon filing of a petition requesting the court's approval." *Id.*

While "the Code is silent on what standard [courts] must apply in analyzing the settlement agreement," *C.S. v. Sunbeam Prods., Inc.*, No. 1:17-cv-00905-WTL-MJD, 2018 WL 4493007, at *1 (S.D. Ind. Feb. 6, 2018), *report and recommendation adopted,* No. 1:17-cv-905-WTL-MJD, 2018 WL 4493000 (S.D. Ind. Feb. 23, 2018), the Seventh Circuit has stated that

---

[2] When a federal court's subject-matter jurisdiction rests on the parties' diversity of citizenship, the court must apply substantive state law to the claims. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); 29 U.S.C. § 1332. Here, Defendants removed this case to federal court based on the parties' diversity of citizenship. (ECF 1). Thus, the Court applies Indiana state law.

"minors receive at least as much protection as adult litigants, so the court's review of [minor settlements] can be no less searching than in cases involving adults." *Goesel*, 806 F.3d at 420; *Halcomb v. Tony Sterwerf Trucking, LLC*, No. 419-cv-00066-SEB-DML, 2020 WL 13553262, at *1 (S.D. Ind. Oct. 23, 2020). Therefore, "the reasonableness of the [agreement] serves as the floor for judicial review of minor settlements—and the appropriate starting point for [the Court's] inquiry." *Goesel*, 806 F.3d at 420.

### C. Analysis

Here, no guardian has been appointed for A.N. and K.N. nor their property, therefore, Lundquist, as their parent, may petition the Court for approval of settlement on their behalf. *See* Ind. Code § 29-3-9-7; (ECF 21 ¶¶ 1, 4). Lundquist states that the settlement will be used for the "support, use, and benefit of A.N. and K.N.," pursuant to Indiana Code § 29-3-3-1,[3] and that she considers the settlement to be in the best interest of A.N. and K.N. (ECF 21 ¶¶ 10, 15). Additionally, all parties are represented by counsel and there is no suggestion that the settlement was not "negotiated at arm's length and in good faith." *See Halcomb*, 2020 WL 13553262, at *1. Lastly, all material terms of the settlement agreement appear to have been disclosed to the Court, including the fact that the settlement represents "complete and full settlement of any and all of the minors' claims against [Defendants]" and any future claims that may arise out of the injuries sustained in the collision. (ECF 21 ¶ 14); *see Halcomb*, 2020 WL 13553262, at *1. Thus, a settlement of $10,000 for the alleged injuries sustained by the minors appears fair and reasonable.

---

[3] Indiana Code § 29-3-3-1 permits the payment of property to be paid directly to a minor's custodian and requires the custodian to "apply the property to the support, use, and benefit of the minor." *See Halcomb*, 2020 WL 13553262, at *1.

3

*D.  Conclusion*

In conclusion, the Court GRANTS the Petition for Authority to Settle Claims of Minors A.N. and K.N. (ECF 21) and APPROVES the settlement of A.N. and K.N.'s claims under the terms specified in the petition. The parties are further DIRECTED to file dismissal papers on or before June 21, 2023.

SO ORDERED.

Entered this 24th day of May 2023.

<u>/s/ Susan Collins</u>
Susan Collins
United States Magistrate Judge